Ruffin, C. J.
 

 The lessor of the plaintiff had eight children, two of whom claimed the premises against him, and let them to the defendants who entered, and then this suit was brought. After issue joined, and before the trial, the lessor of the plaintiff died intestate. A verdict was taken for the plaintiff, subject to the opinion of the Court, whether on these facts the plaintiff was entitled to judgment or ought to be nonsuited. The Court gave judgment on the verdict for the plaintiff, and the defendants appealed.
 

 The judgment must be affirmed. The death of the les. sor of the plaintiff does not abate an ejectment, and consequently if he had the right of entry at the date of the demise and the commencement of the suit the plaintiff is
 
 *490
 
 entitled to a verdict and judgment. Adam’s Eject. 320. Even if the lessor of the plaintiff be tenant for his life, and defending the action, there must be judgment for the plaintiff in respect of the trespass and ejectment, for which the defendant is liable in damages as well as in respect of the costs, although the Court might refuse to award a writ of possession thereon. Adam’s Eject. 34.
 
 Jackson
 
 v.
 
 Davenport,
 
 18 John. 302. Much more is that true, when the estate of the lessor continues and descends to his heirs. Then the judgment is to be rendered as if the lessor were alive, and possession may also be delivered, though that is tí be done under the direction and control of the Court, as to the persons entitled to be put in by the Sheriff. If the defendants were therefore strangers to the lessor, there would be a clear propriety in putting in the heirs under the writ of possession, and to that end turning out the defendants. As the defendants here represent two out of eight of the lessor's heii’S, in whom the premises are now vested, the proceedings under the judgment and execution should be accordingly modified, by not putting the defendants out of possession, but by putting, in the other heirs with them, just as would be done on a general verdict and judgment in ejectment by some tenants in common against others. The judgment and execution executed are in this case proper as well to enable those who are out to be let into possession of their undivided shares, as to enable them to aid the administrator of the father to recover
 
 mesne
 
 profits. ■
 

 Per Curiam. ' Judgment affirmed.